UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CRIMINAL ACTION NO. 3:02CR-21-H
CIVIL ACTION NO. 3:06CV-P564-H

RODNEY ARNESS MOORE                                        MOVANT/DEFENDANT

V.

UNITED STATES OF AMERICA                                   RESPONDENT/PLAINTIFF

**MEMORANDUM OPINION AND ORDER**

Movant, Rodney Arness Moore, has moved to vacate, set aside or correct his sentence

pursuant to 28 U.S.C. § 2255.  None of his arguments provide a basis for granting such a motion.

I.

The twelve-count Indictment in this case arises from three different incidents involving

robbery of stores, car jacking and firearms offenses.  After denial of his suppression motion,

Moore entered a conditional guilty plea, pursuant to Fed. R. Crim. P. 11(a)(2), reserving his right

to appeal.  Moore pled guilty to all counts of the Indictment, except Counts 7 and 11, which were

dismissed as part of a plea agreement.  The Court sentenced Moore to a total of 400 months

imprisonment.

The sole issue Moore raised on appeal concerned the denial of his motion to suppress

evidence seized and statements obtained resulting from the initial stop of Moore by police, the

search of his apartment and statements he made following his arrest.  The Sixth Circuit affirmed

Moore's conviction.  *United States v. Moore*, 130 Fed. Appx. 728 (6th Cir. 2005).  Moore's

petition for a writ of certiorari was denied on December 8, 2005.  He filed this motion on November 7, 2006.

II.

Moore raises five grounds in this motion: (1) that his conviction and sentence cannot stand because the United States lacked jurisdiction to prosecute the offenses in the Indictment; (2) that the Court accepted his guilty plea in violation of Article 3, Subsection 2, Clause 3 of the United States Constitution; (3) that his conviction was obtained in violation of the Speedy Trial Act, 18 U.S.C. § 3161, *et seq.*; (4) that he is actually innocent of the offenses charged; and (5) that he was constructively denied the effective assistance of counsel.  The Court will consider each in turn.

The first argument is completely without merit.  Moore never raised this on appeal.  And, the Court clearly did have jurisdiction over these charges.  Moore's argument concerning the propriety of his guilty plea is equally without merit.  A review of the plea proceedings demonstrates the plea was proper in all respects.  The Court finds no violation of the Speedy Trial Act.  The most significant delays related to Moore's own motions.  Moore has no basis for now claiming that he is actually innocent in any serious manner.

Finally, Moore claims that his counsel provided ineffective assistance.  To set aside his conviction based on ineffective assistance of counsel, Moore must make a two prong showing.  First, he must show that his counsel's performance "fell below an objective standard of reasonableness . . . ."  Second, he must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Hill v. Lockhart*, 474 U.S. 52, 57 (1985)  (quoting *Strickland v. Washington*, 466 U.S. 668, 687-94 (1984)).  The

2

first few of Moore's arguments are similar to those the Court has rejected in another form.  The

record shows that Moore received excellent counsel.  Indeed, his counsel was able to negotiate a

very favorable plea agreement from the United States which resulted in the dismissal of two

counts of the Indictment charging Moore with violations of 18 U.S.C. § 924(c), thus eliminating

the possibility of two consecutive mandatory minimum sentences totaling fifty years on those

counts alone.  Had Moore been convicted of these two counts, he would have faced a mandatory

minimum sentence of 57 years on the § 924(c) counts alone, and these sentences would have to

run consecutively with any other sentence imposed by the Court.  Instead, Moore's counsel was

able to negotiate a plea agreement which called for a total sentence between 25 and 35 years.

Under these circumstances, Moore was not denied the effective assistance of counsel.

       Being otherwise sufficiently advised,

       IT IS HEREBY ORDERED that the motion to vacate under 28 U.S.C. § 2255 is

DENIED.

       This is a final order.

cc:    Rodney Arness Moore, *Pro Se*
       United States Attorney